UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COACHMEN INDUSTRIES, INC., *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> )     CAUSE NO. 3:06-CV-160 CAN |
| v. | ) <br> ) |
| KEMLITE n/k/a CRANE COMPOSITES, INC., | ) <br> ) <br> ) |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff and Defendant submitted a Stipulated Protective Order on March 13, 2007, requesting that this Court issue a protective order covering various information produced by a third party, Jayco, Inc. (Jayco), in the underlying litigation. For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 48]. The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.     APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945). In other words, this Court

cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.    ANALYSIS

The parties' proposed order fails to satisfy the first and second prongs of the above standard because it contains broad language that does not properly describe or demarcate the information the parties seek to protect.  More specifically, paragraph 1 of the stipulated protective order contains the following language: "In order to produce or disclose any documents, things, testimony, discovery materials or information, Jayco desires that the produced information, documents, and materials be subject to this Protective Order . . . and that Jayco may designate the same as 'CONFIDENTIAL'." (emphasis added).  This language is simply too broad.  This Court cannot determine what the materials are that the parties seek to protect let alone whether the materials fall

2

within a legitimate category of confidential information.   As a result, it is impossible for the Court to make a finding of "good cause" to seal the information from the public.

Furthermore, the protective order as it stands grants Jayco the ability to decide *carte blanche* what portions of the record to keep secret.  See Citizens, 178 F.3d at 945.  While Jayco is a third party to this litigation, this Court is not aware of any law in this circuit that exempts third parties from the requirements of Citizens.  This Court is the primary representative of the public and is duty-bound to review any request to seal the record.  Id.  Even though the potential discovery belongs to a third party, that discovery is still a part of the discovery stage of this litigation in which the public at large has an interest.  Id.

This Court understands the parties' predicament.  Both parties need discovery from a third party, but that third party refuses to produce the discovery without a protective order.  A natural consequence of litigation is that sometimes third parties are implicated in the litigation against their will.  However, an uncooperative third party does not justify short cutting the Federal Rules of Civil Procedure or Citizens.  The Federal Rules of Civil Procedure provide mechanisms to force unwilling third parties to assist the litigation, such as a subpoena followed by a motion to compel.  While such procedures are undoubtedly a much longer means for the parties to reach their end, granting Jayco a blanket protective order in violation of Citizens is not a proper shortcut that provides the solution.  Either the parties must make the protective order more explicit to satisfy the standards of Citizens, or else the parties will be forced to utilize other mechanisms within the Federal Rules of Civil Procedure to obtain the materials they need from Jayco.

### III. CONCLUSION

Because the parties' Stipulated Protective Order is over broad in scope, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order [Doc. No. 48]. The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 16th Day of March, 2007.

>                          s/Christopher A Nuechterlein
>                          Christopher A. Nuechterlein
>                          United States Magistrate Judge