UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COACHMEN INDUSTRIES, INC., GEORGIE BOY MANUFACTURING, LLC, and COACHMEN RECREATIONAL VEHICLE COMPANY, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KEMLITE n/k/a CRANE COMPOSITES, INC.,<br><br>Defendant. | CASE NO. 3:06-CV-0160 CAN |

**AGREED PROTECTIVE ORDER
REGARDING NON-PARTY INDOPCO, INC. d/b/a
NATIONAL STARCH AND CHEMICAL COMPANY**

Inasmuch as the Plaintiffs, Defendant and Non-Party Indopco, Inc. d/b/a National Starch and Chemical Company ("National Starch") have stipulated and agreed that certain information in the possession of National Starch is commercially proprietary or otherwise confidential,

IT IS HEREBY ORDERED pursuant to Federal Rule of Civil Procedure 26(c)(7) that the following provisions shall govern the handling of such confidential information, documents and other materials provided by National Starch in this proceeding.

1. The term "Confidential Information" means trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily available to competitors, potential competitors or the public, the value of which arises from its secrecy and the disclosure of which (whether separately or in conjunction with other information being

produced) is believed in good faith by National Starch to have the potential for causing competitive harm to it or giving a competitive advantage to others. Fed. R. Civ. P. 26(c)(7).

    2.      The term "trade secret" means information that:

           (a)      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

           (b)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Indiana Uniform Trade Secrets Act, Ind. Code 24-2-3-2.

    3.      Information, documents, and materials produced by National Starch, which National Starch in good faith believes contain Confidential Information, shall be designated as confidential by National Starch at the time of production by means of a "CONFIDENTIAL" or "ATTORNEY EYES ONLY" stamp or legend placed on each page containing Confidential Information.

    4.      The term "Receiving Party" means each person or entity to whom such information was produced or otherwise disclosed.

    5.      Any information, document, or material designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to anyone other than persons designated herein and listed in Paragraph 6 hereafter; shall be handled by persons designated herein in the manner set forth in this Order; and shall not be used for any purpose other than in this case until such designation is removed either by agreement of counsel for the parties and National Starch, or by subsequent Order of this Court.

6. Access to Confidential Information marked as "CONFIDENTIAL" shall be afforded by the Receiving Party only to Qualified Persons. The term "Qualified Persons" means:

(a) This Court, including court staff and jurors;

(b) Independent court reporters attending or transcribing depositions in this case;

(c) Executives and in-house counsel of the parties who have direct functional responsibility for assisting in matters relating to the proceedings in this case;

(d) Other personnel of the parties who genuinely need to be consulted by counsel of record, in the discretion of such counsel, in preparation for the trial of this case;

(e) Any person indicated on the face of a document marked "CONFIDENTIAL" as its originator, author, or recipient;

(f) Others who, as witnesses in this action, are believed by counsel of record to need access to and knowledge of protected subject matter in order to provide testimony believed reasonably relevant to issues in this case;

(g) Independent experts retained to consult or testify in connection with this case, but only if such persons are not shareholders, officers, directors, or employees of a party to this action;

(h) Counsel of record (including associate attorneys, legal assistants and clerical staff);

(i) Such other persons as may be designated by written agreement of the Parties to this proceeding and the non-party at issue; and

(j) Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties and the non-party at issue.

7. All persons receiving Confidential Information marked as "CONFIDENTIAL" shall be advised of the terms of this Order, and shall agree to comply with its terms as a condition to receiving access to these materials. All persons falling within the description of Paragraph 6, subparts (c), (d), (f), (g), (i), and (j) shall, before obtaining access to the Confidential Information, be told of this Protective Order and personally sign and date a form

3

substantially identical to "Exhibit A - Confidentiality Agreement" attached to this Order. It shall be the responsibility of the counsel who shares Confidential Information with any person to apprise them of this Order, require the person to sign Exhibit A, and thereafter maintain custody of such signed forms.

      8.    Any information, document or materials designated as "ATTORNEY EYES ONLY" may be disclosed only to the attorneys of record herein, and their employees who are necessarily required to handle said documents, unless otherwise agreed to in writing by the parties and National Starch or ordered by the Court. Only two copies of documents designated as "ATTORNEY EYES ONLY" may be made. No abstracts, summaries, derivations, notes or other reproductions may be made from said documents. Copies shall at all times remain in the custody of the attorneys of record.

      9.    Any information, document or materials designated as "ATTORNEY EYES ONLY" shall not be used by any non-producing party at a deposition, hearing or trial unless the non-producing party has obtained an Order from the Court allowing the "ATTORNEY EYES ONLY" documents or information (and the relevant portions of the deposition, hearing or trial transcript) to be filed with the Court under seal. As such, in the event that any question is asked at a deposition which a party asserts calls for "ATTORNEY EYES ONLY" information, the party asserting the "ATTORNEY EYES ONLY" designation shall make that objection and designation clear on the record and during the asking of the questions. Upon such designation, all parties agree that questions and answers so designated shall immediately be considered "ATTORNEYS EYES ONLY" material under the terms of this Order and that such information and the transcripts thereof shall not be used in any hearing trial or subsequent depositions unless

the party seeking to use the "ATTORNEY EYES ONLY" information obtains a protective order pursuant to Fed. R. Civ. P. 26 allowing the "ATTORNEY EYES ONLY" documents or information (and relevant portions of the transcript) to be filed with the Court under seal. The provisions for expenses contained in Fed. R. Civ. P. 26(C) and Fed. R. Civ. P. 37(A)(4) shall not apply to any Order sought pursuant to this paragraph.

10. Confidential Information produced by National Starch shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

11. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information in order to ensure that its confidentiality is maintained.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if National Starch consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. Any party may designate Confidential Information disclosed in a deposition as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Order.

14. Except for "ATTORNEYS EYES ONLY" designations of deposition testimony, which are governed by Paragraph 9, each deposition transcript containing the Confidential Information from National Starch in this action shall be provisionally deemed Confidential Information for a period ("Provisional Designation Period") from the date of the deposition through thirty (30) days after all parties have received the transcript. The Provisional

5

Designation Period for any deposition transcript may be lengthened or shortened by agreement of the parties and National Starch or by order of the Court for good cause shown.

15. Prior to the end of the Provisional Designation Period, any party and National Starch may designate Confidential Information disclosed in a deposition as Confidential Information by notifying all of the parties, in writing, of the specific pages and lines of the transcript that contain the Confidential Information. If such a designation is made, the parties shall attach a copy of such written notice or notices to the face of the transcript and each copy of the transcript in their possession, custody or control and shall mark the designated pages of the transcript and copies as provided in Paragraph 3 above.

16. Inadvertent production of any Confidential Information without a designation as "CONFIDENTIAL" will not be deemed to waive National Starch's claim to its confidential nature or estop it from designating said documents or information as "CONFIDENTIAL" at a later date. Disclosure of said document or information by others prior to such designation shall not be deemed a violation of this Protective Order.

17. If National Starch discovers that it has inadvertently disclosed Confidential Information to a Receiving Party without designating it as Confidential Information, National Starch shall promptly notify the Receiving Party in writing, specifically identifying the information at issue and shall provide to the receiving party replacement documents marked as required in this Order to designate the Confidential Information at issue as Confidential Information. The Receiving Party shall return or destroy all originals and copies of the materials containing the inadvertently disclosed Confidential Information, treat the inadvertently disclosed Confidential Information as Confidential Information, and promptly notify any non-Qualified

6

Persons who may have reviewed the inadvertently disclosed Confidential Information before the notice was received that such information shall be treated as Confidential Information.

18. A Receiving Party may object to the designation of information as Confidential Information at any time. In the event that a Receiving Party disagrees at any stage of these proceedings with the designation ("Disputed Designation") of any information as Confidential Information, the Receiving Party and National Starch shall first try to resolve such dispute in good faith on an informal basis pursuant to N.D. Ind. L.R. 37.1. The Receiving Party shall provide written notice to National Starch and state the grounds for the objection. If the dispute remains unresolved after fifteen (15) days, the Receiving Party may move the Court to revoke the Disputed Designation. National Starch carries the burden of establishing the confidential nature of the information. Unless and until the objection is resolved, the information or document shall continue to be treated as Confidential Information.

19. Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999). If an interested member of the public makes such a challenge, National Starch shall be allowed to oppose any such challenge.

20. In the event that a party wishes to use any Confidential Information in any motion, affidavit, brief, memoranda of law, or other paper that reproduces, paraphrases, summarizes or encloses Confidential Information and which is filed with the Court for any purpose, such Confidential Information shall be filed in a sealed envelope bearing the following

designation and shall otherwise comply with Local Rule 5.3 of the United States District Court, Northern District of Indiana:

CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER

IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN COURT PERSONNEL AND COUNSEL OF RECORD IN THIS ACTION.

The sealed envelope containing the Confidential Information shall be maintained under seal by the Court.

21.    Whenever Confidential Information is introduced or used at a deposition, hearing, trial or other proceeding, the portions of the proceeding that concern such Confidential Information shall be conducted under circumstances to ensure that only those persons duly authorized by this Order to have access to such Confidential Information shall be present.  Upon the request of any party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern Confidential Information shall be sealed and kept confidential pursuant to the provisions of this Order.

22.    Within sixty (60) days after the final termination of this litigation, all Confidential Information, all copies thereof, and all summaries of Confidential Information, shall either be returned to National Starch or shall be destroyed by the Receiving Party and such destruction shall be certified in writing by the Receiving Party to National Starch.

23.    Insofar as the provisions of this Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a party may seek the written permission of National

8

Starch or further Order of this Court with respect to dissolution or modification of this Protective Order.

24.     Nothing in this Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the parties shall confer with National Starch and make a good faith effort to resolve the matter by agreement.

25.     Nothing in this Order shall preclude any party from applying to the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the production of specific information or documents not otherwise subject to the provisions of this Order.

26.     In the event anyone shall violate or threaten to violate this Order, it is agreed that National Starch or any aggrieved party may immediately apply to and obtain injunctive relief against such person, and in the event that National Starch or any aggrieved party shall do so, no respondent person subject to the provisions of this Order shall be permitted to assert that National Starch or the aggrieved party possesses an adequate remedy at law.  The parties, and any other person subject to the terms of this Order, agree that this Court retains jurisdiction over it and them for the sole purpose of enforcing this Order.  If any person having access to the Confidential Information violates this Order, he or she may be subject to sanctions by the Court.

　　　　　　　　　　　　　　　　　　　　/s/ Michael A. Bergin
　　　　　　　　　　　　　　　　　　　　Michael A. Bergin (2703-49)
　　　　　　　　　　　　　　　　　　　　Locke Reynolds LLP
　　　　　　　　　　　　　　　　　　　　201 N. Illinois Street, Suite 1000
　　　　　　　　　　　　　　　　　　　　P.O. Box 44961
　　　　　　　　　　　　　　　　　　　　Indianapolis, IN  46244-0961

        Telephone:  (317) 137-3800
        Fax:    (317) 237-3900
        E-mail: mbergin@locke.com

        Attorney for Non-Party National Starch Corporation


        */s/W. Todd Woelfer*
        W. Todd Woelfer, Esq.
        Christopher R. Putt, Esq.
        Georgianne M. Walker, Esq.
        May Oberfell Lorber
        4100 Edison Lakes Parkway, Suite 100
        Mishawaka, IN 46545
        Telephone: (574) 243-4100

        Attorneys for Plaintiffs


        */s/ Alice J. Springer*
        Timothy J. Abeska
        Alice J. Springer
        Marc L. Waite
        Barnes & Thornburg, LLP
        600 First Source Bank Center
        100 N. Michigan Street
        South Bend, IN 46601-1632
        Telephone: (574) 233-1171

        Attorneys for Defendant


**APPROVED AND SO ORDERED**:


Date: January 18, 2008         S/Christopher A. Nuechterlein
        Untied States Magistrate Judge

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I hereby acknowledge that I have read the Agreed Protective Order executed by the attorneys of record for the parties and for National Starch Corporation and entered by the Court in the above-captioned action, understand the terms of the Agreed Protective Order, and agree to be bound by its terms.

I will hold in confidence and not disclose to anyone not authorized under the Agreed Protective Order any materials containing Confidential Information disclosed to me.  I further agree that neither I nor anyone assisting me will use or rely on Confidential Information disclosed to me for any purpose not authorized under the Agreed Protective Order.  Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential Information in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all materials containing Confidential Information which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Information to me.

11

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated:  _____          _____
                                        Signature

                                        _____
                                        Printed Name