UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC., | ) | |
| GEORGIE BOY MANUFACTURING, LLC, | ) | |
| COACHMEN RECREATIONAL VEHICLE | ) | |
| COMPANY, LLC, COACHMEN RECREATIONAL | ) | |
| VEHICLE COMPANY OF GEORGIA, LLC, and | ) | |
| COACHMEN RV LICENSED PRODUCTS | ) | |
| DIVISION, LLC | ) | |
| | ) | 3:06-CV-0160-CAN |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEMLITE n/k/a CRANE COMPOSITES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ANDREW T. ARMSTRONG AND B. CECIL THOMPSON AND FOR SUMMARY RULING**

Defendant Crane Composites, Inc. f/k/a Kemlite ("Crane") files this *Response* in opposition to Plaintiffs' *Motion to Strike*. (Doc. No. 169).

**Introduction**

<u>Nine days</u> after Crane filed its *Response in Opposition to Plaintiffs' Motion to Exclude* (Doc. No. 154), Plaintiffs claim that the Response was three days untimely. Crane has good cause to believe its *Response* was timely filed. Moreover, Plaintiffs have utterly failed to show that they are prejudiced in any way by the timing of Crane's *Response*. Conversely, Crane will be grossly prejudiced if the Court strikes Crane's *Response*, which Crane believed to be timely when filed as more fully set forth below, because its arguments and authorities would be ignored, leading to a potentially unjust result. Plaintiffs' latest attempt to seek advantage in this case through procedural machinations rather than resolution on the merits should be denied.

**Analysis and Argument**

On July 1, 2008, Plaintiffs filed their *Motion to Exclude* under seal (Doc. No. 138).  On July 7, 2008, Crane requested that this Court strike that *Motion* as not compliant with Local Rule 5.3 and for additional time within which to respond to Plaintiffs' *Motion* in light of its improper filing.  (Doc. No. 147).

The Court granted in part Crane's *Motion to Strike* on July 22, 2008 (Doc. No. 159)[1].  At that point, both the July 16, 2008 deadline Plaintiffs now contend applied, as well as the July 21, 2008 deadline that Crane believed applied, had passed.  Nevertheless, Crane previously had filed its *Response* to Plaintiffs' *Motion to Exclude* on July 21, 2008 (Doc. 154).  When Crane filed that *Response*, Crane had not received direction from the Court as to whether its pending *Motion to Strike* would be granted or whether it would be given additional time to respond to Plaintiffs' *Motion to Exclude*.  Crane had a good faith basis to believe that its *Response*, filed 15 + 3 days after Plaintiffs' *Motion to Exclude*, was timely under FED. R. CIV. P. 6(e) because Crane understood Plaintiffs' filing under seal to be improper.[2]

The Seventh Circuit has articulated a preference for resolving disputes on their merits.

---

[1] Plaintiffs mischaracterize the content of the Court's Order and its effect here.  First, the Court did not state, as Plaintiffs misrepresent, that "the Court has already indicated Defendant's attempt to show good cause for an extension was unpersuasive."  (Doc. No. 170 at 4).  Rather, the Court's Order actually states that Crane's "claim of prejudice is unpersuasive."  (Order at 4).  Second, while it is true that this Court stated Crane could file a motion for an extension of time to respond, the Court's Order was issued one day <u>after</u> Crane had filed its *Response* under the deadline Crane believed to be applicable in this case.  Therefore, it is unfair for Plaintiffs to suggest that Crane not asking for an extension is somehow evidence that Crane lacked "good cause."  (Doc. 170 at 3-4).

[2] The *CM/ECF Civil and Criminal User Manual* states that all documents "<u>shall</u> be filed electronically" unless the CM/ECF procedures or Court authorization permits alternative filing.  (*Manual* at 3) (emphasis added).  Local Rule 5.3(b) required Plaintiffs to seek permission of  the Court before filing under Seal.  By failing to request permission before unilaterally filing under Seal, Plaintiffs created confusion with respect to what service rules applied:  (1) The mandatory rule of electronic filing, which qualifies as service by electronic means under Fed. R. Civ. P. 5(b)(2)(D) and permits an additional three days for responsive briefing under FED. R. CIV. P. 6(e), or (2) the manual service made available by the rule's exception for filing under Seal, the guidelines for which Plaintiffs failed to correctly follow.

*See Cassidy v. Cassidy*, 923 F.2d 856 (7th Cir. 1991). It is inappropriate for Plaintiffs to "flyspeck" Crane in an effort to gain unfair procedural advantage, particularly where Plaintiffs' own filing tactics have created confusion that requires clarification from the Court. *See, e.g., Hyperphrase Technologies, LLC v. Microsoft Corp.*, No. 02-C-647-C, 2003 WL 21920041 (W.D. Wis. July 1, 2003).

Moreover, under Plaintiffs' new timeliness objection, Plaintiffs' own reply to their *Motion to Exclude* would have been due two days ago, on July 28, under FED. R. CIV. P. 6(e) (or 7 + 3 days after July 16, 2008, exclusive of weekends).  Rather than file a reply, Plaintiffs sought to strike Crane's *Response*.  Such a bait-and-switch tactic should not be endorsed.  Striking the *Response* prevent the Court from considering the arguments and legal authority which support the denial of Plaintiffs' *Motion to Exclude.*

For the foregoing reasons, Crane respectfully requests that this Court deny Plaintiffs' *Motion to Strike Defendant's Response to Plaintiffs' Motion to Exclude the Expert Testimony of Andrew T. Armstrong and B. Cecil Thompson and for Summary Ruling.*

BARNES & THORNBURG LLP

*/s/* Timothy J. Abeska
Timothy J. Abeska
   *tim.abeska@btlaw.com*
Alice J. Springer
   *alice.springer@btlaw.com*
Kelly J. Hartzler
    *kelly.hartzler@btlaw.com*
Marc L. Waite
   *mwaite@btlaw.com*
600 1st Source Bank Center
100 North Michigan Street
South Bend, IN  46601-1632
Telephone:  (574) 233-1171

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2008 I electronically filed the foregoing *Response* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following attorneys for Plaintiffs:

W. Todd Woelfer
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
*wwoelfer@maylorber.com*

Georgianne M. Walker
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
*gwalker@maylorber.com*

Christopher R. Putt
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
*cputt@maylorber.com*

Erin M. Wright
May Oberfell Lorber
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN  46545
*ewright@maylorber.com*

BARNES & THORNBURG LLP

By /s/  Timothy J. Abeska